IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:09-CR-311-BO

| | | |
|---|---|---|
| TIMOTHY JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion seeking to correct his sentence pursuant to Rule 36 of the Federal Rules of Criminal Procedure. [DE 50].

First, the Court notes that Rule 36 is intended to correct clerical errors. Though petitioner has termed his request as such, the relief he seeks amounts to a substantive change to the presentence report and not a clerical error of the type intended to be reached by Rule 36. To the extent that petitioner is asking the Court to modify the criminal history on his presentence report, that request is presently DENIED.

Moreover, the relief which petitioner seeks under Rule 36 is that which would result from a successful motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Thus, the Court hereby NOTIFIES petitioner of its intent to construe his Rule 36 motion as a motion pursuant to 28 U.S.C. § 2255. *Castro v. United States*, 540 U.S. 375, 377 (2003). The Court further WARNS petitioner of the effects of filing a motion pursuant to § 2255, including the restrictions on filing second or successive § 2255 motions, and advises him as to the requirements of § 2255. If petitioner does not wish his motion to be construed as a motion pursuant to 28 U.S.C. § 2255, he must so notify the Court and withdraw or sufficiently amend his motion within forty-five (45) days of the date of entry of this order.

SO ORDERED, this 2 day of March, 2016.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE